```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

DAVID A. MCBANE,                      )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )    No. CIV-10-386-FHS-KEW
                                      )
CAROLYN W. COLVIN[1], Commissioner    )
Social Security Administration        )
                                      )
         Defendant.                   )
```

## OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 27) on May 3, 2013. Judgment was entered in favor of Plaintiff on March 28, 2012, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a October 12, 2012, decision finding in favor of Plaintiff and determining that Plaintiff was disabled. On July 30, 2012, Plaintiff's counsel received payment of fees from the Social Security Administration in the amount of $5,991.40. A Notice of Award regarding Mr. McBane's benefits was finally issued on March 26, 2013. The notice says that Mr. McBane was awarded a total of $50,246.00 in

---

[1] The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Asture as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

back benefits and 25% of those benefits in the amount of $12,561.50 was withheld to pay fees.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of being informed of the past-due benefits amount. Based on the record before it, the Court finds the motion timely. The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the May 3, 2013, Notice of Award letter. While a fully favorable decision was issued on October 12, 2012, and the client apparently received a Notice of Award dated March 26, 2012, Plaintiff's Counsel did not receive the Notice of Award until May 3, 2013. Defendant does not appear to object to the timeliness of the motion. The court finds under these circumstances the motion is timely.

2

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $12,561.50 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner, nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $12,561.50. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. Defendant does not object to the timeliness of the fees. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $12,561.50 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) is granted in the amount of $12,561.50. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($5991.40) previously awarded under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d).  This refund is for the full EAJA amount, without any  withholding, offset, or deduction.

It is so ordered this 3rd day of June, 2013.

Frank H. Seay
United States District Judge